# W. N. HINES *et al.* v. STATE.

No. A-3094.   Opinion Filed April 14, 1919.

**INTOXICATING LIQUORS—Unlawful Manufacture—Evidence.** In a prosecution for manufacturing intoxicating liquor, the evidence, tersely stated in the opinion, held sufficient to sustain the conviction.

*Appeal from County Court, Atoka County;*
*W. M. Rainey, Judge.*

W. N. Hines and Virgil Deck, convicted of manufacturing intoxicating liquors, appeal.  Affirmed.

*J. H. Garnett,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  Plaintiffs in error were jointly charged, tried, and convicted of the crime of manufacturing intoxicating liquors.  In accordance with the verdict of the jury they were each sentenced to be confined in the county jail for ninety days and to pay a fine of $250.  The appeal is from the judgments.

The principal assignment of error relied on for a reversal of the judgments is, "That there is no evidence which will support the verdict against these defendants, or either of them."

For the state, H. S. Edwards testified that he lived near Boehler, and was a school teacher; that he was trying to find the defendant Hines, who was a member of the school board, to secure a contract to teach the school in that district; that about midnight he was passing the place owned by Hines and occupied by Deck and noticed

Hines' horse tied there; that he stopped and went and looked through a crack in the wall of the smokehouse and saw the defendants engaged in operating a still, making whisky; that he had often visited a stillhouse in Arkansas, where he formerly lived, and was familiar with the process of distilling whisky; that the next morning he visited the place with an Indian named Ben McClure, and both defendants were there, and at that time there was no fire in the furnace; that the still consisted of two cans, two or three feet high, which were connected by a crooked pipe that passed through a fifty-gallon barrel; that the defendants called at his place a few days later and asked him not to say anything about their making whisky.

Ben McClure testified that he was with Edwards and saw the cans connected with a crooked iron rod in the smokehouse.

Mrs. H. S. Edwards testified that Mr. Hines and Mr. Deck called at their home and she heard a part of the conversation between Mr. Hines and her husband, and Mr. Hines said: "We know as well as you know that we were making whisky; the thing we want you to do is not to tell it; the thing we want you to do is to say you don't know whether it was a still or a washing machine."

Defendant Hines testified that he lived between Crystal and Boehler; that defendant Deck was his tenant, and had lived on the place at that time about two weeks; that he had been hunting a horse that day and stopped with Deck that night; that if there was a still in the smokehouse he did not know it; that he was a farmer and did not know anything about making whisky; that he did not say to witness Edwards that he had been making whisky there; and did not try to prevent Edwards from making complaint.

Defendant Deck testified that he was a farmer and lived on defendant Hines' place; that when Edwards and McClure were there at his place there was not any fire in the smokehouse; that the two ten-gallon cans with a pipe running from one can to the other were used to cook slop in, and were not used for the purpose of making whisky; that the barrel in the smokehouse contained slop for his hogs; that he was present when witness Edwards and the defendant Hines had a conversation a day or two later, and nothing was said at that time about a still in the smokehouse, or about making whisky.

On cross-examination he stated that the pipe connecting these cans was for cooking slop, and was kept there to keep it from scorching.

The proof of the charge in criminal causes involves the proof of two distinct propositions: First, that the offense charged has been committed; second, that it was committed by the party charged. In this case there was competent evidence tending to support every material allegation of the information, and in our judgment the evidence amply sustains the verdicts rendered.

The other assignments are not regarded as material.

Finding no material error in the record, the judgments of the lower court herein are affirmed.

ARMSTRONG and MATSON, JJ., concur.